*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CALEB ZECHARIAH-LEE KIMSEL,

Defendant-Appellant.

UNPUBLISHED
November 18, 2024
3:34 PM

No. 365464
Shiawassee Circuit Court
LC No. 2022-007375-FC

Before: GADOLA, C.J., and SWARTZLE and LETICA, JJ.

PER CURIAM.

Defendant sexually assaulted the minor victim and was convicted of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(d), and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(d). Defendant argues that the trial court violated the principle of proportionality by sentencing defendant to a minimum of 180 months in prison. We affirm.

The victim was 14 years old when she met defendant, who was in his mid-twenties and worked for the victim's father as a firefighter. The night after her fifteenth birthday, defendant picked up the victim and her friend and took them to defendant's girlfriend's home. Defendant provided the victim and her friend alcohol, and he became intoxicated. The victim knew that defendant sometimes carried a gun, which concerned her. Defendant touched the victim's upper thigh and told her not to tell her father. Later, defendant's girlfriend took the victim upstairs, and defendant sexually assaulted the victim. Afterward, the victim had a bruise on her thigh from defendant biting her, and bruises on her neck from defendant forcefully turning her head. Defendant's girlfriend was charged as an accomplice.

A jury found defendant guilty of one count of first-degree CSC and two counts of second-degree CSC. The jury found defendant not guilty of the count of second-degree CSC related to defendant's touching of the victim's thigh.

Defendant's presentence investigation report (PSIR) described that, about a week after the charged offense, defendant asked to see the victim and arranged to pick her up at school. Defendant drove to a baseball field and told the victim that he could "make her feel better" about

her recent breakup, and he started to kiss her. Defendant then had sexual intercourse with the victim. The victim was afraid to stop defendant because of his size. When the victim asked defendant whether she could tell anyone what happened, defendant told her that he would be shot and that people at the fire department would hate him. Further, the PSIR explained that defendant and his girlfriend had previously manipulated two other "victims to participate in their sexual tryst."

At sentencing, the victim and her mother spoke, explaining how the incidents caused the victim to suffer panic attacks, isolation, and anxiety. The victim explained that she had thought of defendant as an uncle or friend, but he was a predator, and she hoped that he thought about her "and all the other girls [he] ha[d] hurt or used for their body." The victim's mother asserted that defendant had harassed the victim and her family at public events. Defendant's sentencing guidelines minimum range for CSC-I was for 108 to 180 months in prison, and his guidelines minimum range for CSC-II was for 36 to 71 months in prison.

The trial court stated that it wanted defendant to think about how "for just a couple of moments of selfish gratification [he had] caused this child a lifetime of pain," she would never forget what defendant had done, and she would "need help for the rest of her life." Further, defendant's actions would not just affect the victim, but would "affect people she hasn't even met yet," including potential future partners or children. The trial court stated that the effect was "generational" and had a "ripple effect," and that "the jury has spoken." Accordingly, the trial court sentenced defendant, within the guidelines, to 180 to 540 months in prison for the CSC-I conviction and 71 to 180 months in prison for the CSC-II convictions.

Defendant now appeals.

Defendant argues that the trial court violated the principle of proportionality and did not consider the offender. "Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). Although Michigan's sentencing guidelines are advisory only, trials courts must still consult the guidelines and consider them when sentencing a defendant. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). "The key test is whether the sentence is proportionate to the seriousness of the matter." *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017) (cleaned up). Within-guidelines sentences remain subject to a review for reasonableness, although a within-guidelines sentence is afforded a nonbinding "presumption of proportionality," and a defendant bears the burden of demonstrating that the within-guidelines sentence is unreasonable or disproportionate. *People v Posey*, 512 Mich 317, 357, 359; 1 NW3d 101 (2023) (opinion by BOLDEN, J.).

Defendant has not overcome the presumption that his within-guidelines sentence was proportional. See *id*. at 357. On appeal, defendant specifically notes his age and that he had no history of prior convictions or substance abuse. As the prosecutor argues, the trial court is not specifically required to consider an adult defendant's age, although it is a factor that may be considered. See *People v Lemons*, 454 Mich 234, 258-259; 562 NW2d 447 (1997). This differs from a consideration of youth with a juvenile defendant. See, e.g., *Boykin*, 510 Mich at 188-189. Although defendant had no prior convictions until these offenses, there was evidence that he had engaged in other uncharged acts of sexual assault. "A judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively

challenges the accuracy of the factual information." *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). Defendant did not challenge the PSIR as to these other sexual assaults.

A jury found defendant guilty of multiple counts of CSC. Defendant took advantage of his position of trust with the victim and her father, and he served the victim and her friend alcohol on the night of the offense. Further, defendant's act of seeking out and sexually assaulting the victim again after the charged offense suggests that he was not remorseful of what he had done. Between defendant's actions with the victim and the other potential victims mentioned in the PSIR, defendant's conduct appears not to have been an isolated incident of sexual assault. For these reasons, the trial court did not abuse its discretion when sentencing defendant within the guidelines.

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica